UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Steven J. Roy

    v.                                                Civil No. 13-cv-438-PB

New Hampshire Department of Corrections,
Commissioner, et al.[1]

**REPORT AND RECOMMENDATION**

Before the court is pro se prisoner Steven J. Roy's original complaint (doc. no. 1), and addenda thereto (doc. nos. 4-5). The matter is before the court for preliminary review. See 28 U.S.C. § 1915A and LR 4.3(d)(1).[2]

Background

Roy is currently a prisoner at the Northern New Hampshire Correctional Facility ("NCF") in Berlin, New Hampshire, having been transferred there from the New Hampshire State Prison ("NHSP") in Concord, in 2012. In the Concord facility, Roy worked in the North Yard, in the prison industries department

---

[1] Roy names as defendants: the New Hampshire Department of Corrections ("DOC"); DOC Commissioner William Wrenn; DOC staff member Christopher Kench; New Hampshire State Prison ("NHSP") Warden Richard Gerry; NHSP Maj. Jon Fouts; NHSP Investigators Joel Dinsmore and FNU Newcomb; NHSP Lt. James Brown; and (former) NHSP GraniteCor Industries Director Fred Nichols.

[2] Roy has also filed a motion for a preliminary injunction (doc. no. 8) based on his copyright claim. In an order this date, the court has established a briefing schedule for that motion.

now known as GraniteCor.  Roy alleges that while employed at GraniteCor he had access to a computer and was allowed to modify and develop business/warehouse management software and streamline databases on his own time, without pay, for "entertainment."  Roy and another inmate, William Johnson, have given the name, "JOINT," to the business database management system that they assert they developed.  Roy alleges that JOINT may be used to track vendor accounts, purchases, sales, job orders, and customers, and to record inmate job training.  JOINT is an acronym for "Job, Order, Integrated Network Tracking."

   When Roy lost North Yard access because of disciplinary charges that Roy claims were false, he asserts he also lost access to archived copies of JOINT stored on DVDs.  Prison officials subsequently restricted Roy's access to prison computers, and transferred him to NCF, all for security and/or disciplinary reasons Roy calls pretextual.  Roy claims that those actions were in fact retaliatory for his filing of grievances and assertion of a copyright in JOINT, or were part and parcel of a plan to conceal from Roy that NHSP employees were infringing on Roy's copyright in JOINT.

   In this lawsuit, Roy asserts that:

   (1) Defendants are jointly and severally liable for using, or authorizing GraniteCor employees to use, the JOINT

software in a manner infringing upon Roy's copyright, under 17 U.S.C. § 501.

(2) Defendants are jointly and severally liable as contributory copyright infringers, under 17 U.S.C. § 501, in that their actions were part of a conspiracy to conceal from Roy the infringement of Roy's copyright in the JOINT software.

(3) Defendants are liable under 42 U.S.C. § 1983, for violating Roy's federal rights, for taking certain actions against Roy in retaliation for:

>   (a) Roy's assertion of a copyright in the JOINT software; and/or

>   (b) Roy's grievances challenging disciplinary proceedings.

(4) Defendant Brown is liable under 42 U.S.C. § 1983 for violating Roy's Eighth Amendment rights, by failing to protect Roy from inmate Randy Duquette.

(5) Defendants are liable under 42 U.S.C. § 1983 for violating Roy's federal rights by announcing a prison policy against hooded sweatshirts after Roy had purchased such sweatshirts from the prison canteen.

(6) Defendants are liable under state law for the torts of:

>   (a) conversion and unjust enrichment, arising from the facts alleged with respect to the copyright infringement claim (Claim 1 above); and

>   (b) negligence and the intentional infliction of emotional distress, arising from the facts alleged with respect to the § 1983 claims (Claims 3-5 above).

Discussion

I.   Copyright Claim (Claim 1 above)

To establish copyright infringement, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of

constituent elements of the work that are original." Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory, 689 F.3d 29, 39 (1st Cir. 2012) (internal quotation marks and citation omitted), cert. denied, 133 S. Ct. 1315 (2013).  For purposes of this court's preliminary review under LR 4.3 and 28 U.S.C. § 1915A, Roy has alleged sufficient facts to demonstrate that he is a co-owner of a registered copyright, and to warrant service of a copyright infringement claim against Fred Nichols, the DOC, Richard Gerry, and William Wrenn, upon the theory that those defendants used or authorized infringing uses of JOINT.  See generally Holy Transfiguration, 689 F.3d at 56-57.

    The court expresses no opinion at this time as to whether JOINT is a "work made for hire," see, e.g., McKenna v. Lee, 318 F. Supp. 2d 296, 298-99 (E.D.N.C. 2002), aff'd, 53 F. App'x 268 (4th Cir. 2002), or whether the Eleventh Amendment precludes claims against the state for damages under the Copyright Act. Compare 17 U.S.C. § 511 (waiver of Eleventh Amendment immunity), with Nat'l Ass'n of Bds. of Pharm. v. Bd. of Regents of the Univ. Sys. of Ga., 633 F.3d 1297, 1312-19 (11th Cir. 2011) (section 511 held invalid).  Cf. Lane v. First Nat'l Bank of Boston, 871 F.2d 166, 176 (1st Cir. 1989).

II. <u>Contributory Infringement (Claim 2 above)</u>

Copyright liability may extend to contributory infringers, those who have "intentionally induc[ed] or encourag[ed] direct infringement," and who have "profit[ed] from direct infringement while declining to exercise a right to stop or limit it." MGM Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005) (citations omitted).  Here, Roy has failed to allege facts stating a plausible claim that any defendant had the requisite intent, financial stake, and authority to be held liable as a contributory infringer, with respect to Roy's allegations of incidents comprising a concerted plan to conceal infringing conduct.  Stripped of legal conclusions, the complaint simply lists a series of incidents affecting Roy, which do not state a plausible claim of liability for copyright infringement.  Accordingly, the district judge should dismiss Claim 2.

III. <u>Retaliation (Claim 3 above)</u>

A. <u>Background</u>

Roy alleges that defendants knew Roy and Johnson claimed a copyright in the JOINT software.  He further alleges that prison officials took certain actions against him in retaliation for his assertion of a copyright in the software or for filing grievances.  The court in Roy v. Wrenn, No. 12-cv-303-JD, 2013 WL 4541389, at *3-*4 (D.N.H. Aug. 27, 2013) (doc. no. 58),

found that Roy had failed to state a plausible claim based on essentially the same allegations.  For reasons including the collateral estoppel effect of that ruling, and Roy's failure in this case to allege any additional facts stating a plausible retaliation claim, this court should dismiss Claim 3.

IV.   Failure to Protect (Claim 4 above)

Roy alleges that another inmate, Randy Duquette, is a sexual predator, and that NHSP Lt. Brown failed to protect him from Duquette.  For reasons including the collateral estoppel effect of the August 27, 2013, order denying a motion to amend in Roy v. Wrenn, 2013 WL 4541389, at *4, finding that Roy failed to state plausible claim of an Eighth Amendment violation based on essentially the same allegations asserted here, and because Roy has failed to plead additional facts showing Brown's deliberate indifference, the district judge should dismiss Claim 4 and dismiss Brown from this case.

V.   Hooded Sweatshirt (Claim 5 above)

Roy alleges that he purchased hooded sweatshirts from the prison canteen more than five years ago.  Roy claims that a new policy deeming the hoodies to be contraband violates his right to due process and constitutes an invalid, ex post facto regulation.  This court, following Roy v. Wrenn, 2013 WL 4541389, at *4, should find that the hoodie claim is premature,

6

because the policy is not effective yet.  Moreover, the claim lacks merit, and should be dismissed for that reason.  See Ward v. Jones, 64 F. App'x 422, 424 (6th Cir. 2003); see also Bloom v. Jennings, No. 7:12-CV-00057, 2013 WL 1249030, at *7 (W.D. Va. Mar. 26, 2013), aff'd, No. 13-6635, 2013 WL 4441519 (4th Cir. Aug. 21, 2013).

VI.   State Law Tort Claims (Claim 6 above)

This court has supplemental jurisdiction over the state law claims that arise out of same nucleus of operative facts as Claim 1, which is Roy's copyright claim.  See 28 U.S.C. § 1367.  The court this date has therefore directed service of those claims, along with the copyright claim.  This court expresses no comment on whether such claims may be preempted by the Copyright Act.

The remaining state law tort claims of negligence and intentional infliction of emotional distress do not relate to the copyright claim.  Those claims should be dismissed without prejudice to Roy's ability to litigate them in state court, as allowing such claims to proceed in this case would risk introducing issues that could predominate over the federal questions remaining in this case.

Conclusion

For the foregoing reasons, the district judge should dismiss Claims 2-5 and 6(b), above.  The copyright claim (Claim 1) and the tort claims of conversion and unjust enrichment (Claim 6(a)) against the New Hampshire Department of Corrections, William Wrenn, Richard Gerry, and Fred Nichols may proceed; the court this date has thus ordered service of the complaint upon those defendants.  The remaining defendants and claims should be dismissed, as Roy has failed to state a plausible federal claim against those defendants.  The state law claims of negligence and intentional infliction of emotional distress, Claim 6(b) above, should be dismissed without prejudice to Roy refiling those tort claims in state court.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by

district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

December 16, 2013

cc: Steven J. Roy, pro se

LBM:nmd