UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Steven J. Roy

   v.                                                         Civil No. 13-cv-438-PB

New Hampshire Department of
Corrections et al.[1]


**O R D E R**

Before the court is pro se prisoner Steven J. Roy's complaint (doc. no. 1), and addenda he has filed thereto (doc. nos. 4-5).  Also pending is Roy's motion (doc. no. 7) to seal Document No. 6, and his motion for a preliminary injunction (doc. no. 8), seeking to enjoin copyright infringement.

I.   Motion to Seal

Roy seeks to seal Document No. 6 ("Exhibit FF"), which consists of an affidavit and attached exhibits that Roy asserts are evidence that defendants have infringed on Roy's copyright in certain software.  In the complaint and in the motion for a preliminary injunction (doc. nos. 1 and 8), Roy has cited to

---

[1] Roy names as defendants:  the New Hampshire Department of Corrections ("DOC"); DOC Commissioner William Wrenn; DOC staff member Christopher Kench; New Hampshire State Prison ("NHSP") Warden Richard Gerry; NHSP Maj. Jon Fouts; NHSP Investigators Joel Dinsmore and FNU Newcomb; NHSP Lt. James Brown; and (former) NHSP GraniteCor Industries Director Fred Nichols.

"Exhibit FF" without revealing all of its contents. The clerk's office has separately docketed and provisionally sealed the relevant document, pending a ruling on the motion to seal.

In considering a motion to seal, the court balances the public's right of access against the competing private interests at stake in a particular case. See FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987). The party seeking to seal documents bears the burden of persuasion. See id. at 410-11. The common-law presumption of public access to judicial records extends to the documents at issue. See id. Exhibit FF does not contain the type of information that might warrant a seal. See id. at 411-12. Roy's assertions about the potential for witness harassment or retaliation are speculative. The court, therefore, DENIES the motion to seal (doc. no. 7), and directs that Document No. 6 be removed from the docket, in accordance with LR 83.12, unless Roy timely notifies the clerk's office that he intends to refile Document No. 6 as is, without redactions or any seal.

II. Service

For reasons stated in the report and recommendation this date, Roy's complaint shall be served upon defendants Nichols, Wrenn, Gerry, and the New Hampshire Department of Corrections. The clerk's office shall serve the New Hampshire Office of the

Attorney General ("AG"), as provided in the Agreement on Acceptance of Service, electronic copies of: this order; the report and recommendation issued this date; the complaint and addenda (doc. nos. 1 and 4-5); and both the motion for a preliminary injunction (doc. no. 9) and the addendum to that motion (doc. no. 10).

Within thirty days from receipt of these materials, the AG will submit an Acceptance of Service notice to the court specifying whether all of the defendants have authorized the AG to receive service on their behalf.  When the AG files the Acceptance of Service, service will be deemed made on the last day of the thirty-day period for all defendants who accept AG representation.

If any defendants do not authorize the AG to receive service on their behalf, or the AG declines to represent any of the defendants, the AG shall, within thirty days from receipt of the aforementioned materials, provide to the court the last known address of those defendants.  In that event, the clerk's office is instructed to complete and issue a summons for each of those defendants, using the last known address provided, and forward the summonses, along with the above-listed documents, to the United States Marshal for the District of New Hampshire, to

complete service on those defendants in accordance with this order and Fed. R. Civ. P. 4(c)(3) and 4(e).

## Conclusion

For the foregoing reasons, the motion to seal (doc. no. 7) is DENIED.  Fourteen days after the date of this order, the clerk's office shall remove the provisional seal from Document No. 6.  Unless Roy notifies the clerk's office within the same fourteen-day time period that he intends to refile Document No. 6 as is, without redactions or any seal, the clerk's office shall return Document No. 6 to Roy and remove it from the docket.  See LR 83.12.

The clerk is further directed to effect service of the complaint upon defendants Nichols, Wrenn, Gerry, and the New Hampshire Department of Corrections, as specified above. Defendants shall answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Defendants may file an objection to Roy's motion for a preliminary injunction within thirty days of the date of this order.  Roy may file his reply thereto within fourteen days from the date of service of defendants' objection, addressing only those issues raised in defendants' objection and exhibits.  The

court will determine whether to schedule a hearing on the motion (doc. no. 8) upon receipt of the parties' submissions.

    SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

December 16, 2013

cc: Steven J. Roy, pro se

LBM:nmd